```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**PAULETTE CHRISTIAN,**

       Plaintiff,

  vs.                            Civil Action 2:07-CV-882
                                    Judge Graham
                                    Magistrate Judge King

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

       Defendant.

## OPINION AND ORDER

On July 30, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the decision of the Commissioner denying plaintiff's application for supplemental security income be affirmed and that this action be dismissed. Doc. No. 19. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, which the Court will consider *de novo.* 28 U.S.C. §636(b).

This is plaintiff's third application for benefits. The administrative law judge found that, although plaintiff suffers a number of severe physical and mental impairments, the record since the prior administrative decision contained no new and material evidence that plaintiff's condition had significantly changed. *See Drummond v. Comm'r of Soc. Sec.,* 126 F.3d 837 (6th Cir. 1997)(absent a change in a claimant's condition, findings made in connection with an earlier administrative hearing control in a later hearing). Relying on the testimony of the medical and vocational experts who testified at the administrative hearing, the administrative law judge found that plaintiff has the residual functional capacity that would permit the performance of some of plaintiff's past relevant work or, alternatively, a significant number

of jobs in the regional and national economies. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act.

In her objections, plaintiff "submits that there is substantial evidence of a clear deterioration in her condition which proves that she can no longer engage in substantial gainful activity." *Objections,* at p.1. Plaintiff misstates the standard applicable to this case. If the decision of the Commissioner enjoys substantial support in the record, that decision must be affirmed even if substantial evidence also supports the opposite conclusion. *Longworth v. Comm'r Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005).

Plaintiff also complains that the administrative law judge failed to adequately consider and offer adequate reasons why plaintiff's receipt of home health care and skilled nursing services do not require a conclusion of disability. It appears that plaintiff's receipt of home health care was based primarily upon her unsteady gait, frequent falls and need for assistance in meal preparation, dressing, bathing and standing. *See A.R.* 896-923.[1] The administrative law judge expressly noted this evidence. *A.R.* 27. However, David Dunbar, M.D., the medical expert, testified that plaintiff's documented medical conditions did not explain her antalgic gait. *A.R.* 1091. It is notable that plaintiff's treating physicians have offered no opinion as to her limitations. The medical expert expressed his opinion as to plaintiff's residual functional capacity resulting from her documented physical conditions, and the administrative law judge adopted that residual functional capacity. There is therefore substantial evidence in the record to

---

[1] Plaintiff again refers to additional evidence not before the administrative law judge at the time she issued her decision. *A.R.* 925-95. This evidence cannot be considered by the Court for purposes of substantial evidence review. *See Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001).

2

support the findings of the administrative law judge in this regard.

Having carefully reviewed the record in this action, the Court denies plaintiff's objections to the *Report and Recommendation*.

The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.** The decision of the Commissioner is **AFFIRMED** and this action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

S/ James L. Graham  
James L. Graham  
United States District Judge

Date: August 21, 2008